## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DONNIE HILL,**

      **Plaintiff,**

      **v.**                    **CASE NO.  19-3096-SAC**

**ROGER WERHOLTZ,  et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").  The Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  Plaintiff was also given an opportunity to file a complete and proper amended complaint to cure the deficiencies set forth in the MOSC.  This matter is before the Court for screening Plaintiff's Amended Complaint at Doc. 8.[1]

## I.  Nature of the Matter before the Court

Plaintiff alleges in his Amended Complaint that Defendants are violating his Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff alleges that he entered the Kansas Department of Corrections ("KDOC") with a medical condition that required follow-up surgery and treatment, and despite numerous attempts Defendants have denied the necessary surgery and treatment, leaving Plaintiff in extreme pain and causing additional damage.

---

[1]  The Court's screening standards are set forth in the MOSC.

Plaintiff alleges that he received a laceration to his arm, wrist and right thumb during his arrest in 2016.  Plaintiff received initial treatment and surgery on February 12, 2016.  Subsequent to his arrest and conviction, he was committed to KDOC custody and upon his arrival began seeing medical and receiving treatment.   KDOC and the medical provider, Corizon, were transporting Plaintiff to Wichita, Kansas, for treatment with an off-site health care provider, who determined that in addition to pain management, Plaintiff needed additional surgery and that Plaintiff should receive pre-surgery therapy by a mental health provider.  Plaintiff alleges that "the defendants" have ignored the recommendation of the off-site medical provider and have denied the recommended surgery.  Plaintiff alleges that Corizon, the onsite healthcare provider, has denied him his recommended surgery, pain management and therapy.   Plaintiff acknowledges that when he arrived at KDOC they had to take him to his doctor appointments because his surgery was only a month old, and he had stiches and therapy to do following the surgery.

Plaintiff alleges that the lack of medical care started when he was transferred to the Larned Correctional Mental Health Facility ("LCMHF") on April 26, 2018.  Plaintiff alleges that Corizon staff did not get to know him very well and when they did not know what to do they would say they were just going to refer Plaintiff to a doctor or medical provider supervisor. Defendant Cline would meet with Plaintiff, try to answer his questions, and would tell him that they would wait until the staff meeting to find out if they can come up with a plan regarding nerve pain medication.  Defendant Cline spoke with Warden Langford and he asked medical health care staff to talk to Plaintiff.  Plaintiff alleges that Corizon was pulling "stall tactics," telling Plaintiff they needed to send for his medical records because they were not in the file and that they needed to address the issue at the next staff meeting.

Plaintiff alleges that he addressed his concerns to the Warden and Secretary of Corrections through the administrative grievance procedure and did not receive any substantial assistance from either.  Plaintiff names as Defendants:  Roger Werholtz, Secretary of KDOC; Don Langford, Warden at LCMHF; and Christina Cline, RN/HSA Supervisor for Corizon. Plaintiff seeks monetary damages, and injunctive and declaratory relief.

## II. DISCUSSION

### 1. Medical Claims

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted).  In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted).  A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

 "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quoting *Sealock*, 218 F.3d at 1209).  In measuring a prison official's state of mind, "the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

Plaintiff acknowledges that he was receiving medical treatment during the relevant timeframe. A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

Plaintiff's allegations indicate that he has been furnished medical care during the relevant time frame. They also indicate that his claims amount to a difference of opinion with the treatments he has been provided by medical staff. Plaintiff's allegations are nothing more than a lay person's disagreement with the medical treatment of his symptoms by medical professionals. Such allegations do not rise to the level of a claim of cruel and unusual punishment under the Eighth Amendment; and are, at most, grounds for a negligence or malpractice claim in state court.

### 2. Grievance Procedures

Plaintiff claims that the Warden and KDOC Secretary failed to properly respond to his grievances. Plaintiff acknowledges that a grievance procedure is in place and that he used it. Plaintiff's claims relate to his dissatisfaction with responses to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v.*

4

*Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").  Plaintiff's claims regarding the failure to respond to grievances are dismissed for failure to state a claim.

To the extent Plaintiff seeks to rely on the supervisory status of the Warden and KDOC Secretary, Plaintiff fails to allege sufficient supervisory liability.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983

liability).   An official's liability may not be predicated solely upon a theory of respondeat superior.   *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).   A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."   *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).   "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 29, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**